UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA ADAMS,
    Plaintiff,
vs.

46 N LLC and
LITTLE GUILTY PLEASURES LLC,
    Defendants.

Case No.: 22-cv-01075-VSB

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS [DE#17]**

Plaintiff, JOSHUA ADAMS ("Plaintiff"), by and through undersigned counsel, files his response to the Defendants' 46 N LLC and LITTLE GUILTY PLEASURES LLC ("Defendants") Motion to Dismiss [DE#17], and states:

1. Plaintiff filed this action against Defendants for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. ("ADA"), and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). Plaintiff's Complaint was properly plead as it:

    a. Alleges Plaintiff's qualification as a disabled person under the ADA [DE#1, Paragraph2],

    b. Alleges the subject property's qualification as a place of public accommodation and service establishment under the ADA [DE#1, P. 6],

    c. Alleges that Plaintiff visited the property [DE#1, Paragraphs 5, 7, and 10],

    d. Alleges that Plaintiff was denied, restricted, or limited in his access to the subject property [DE#1, Paragraphs 5, 7, and 10],

    e. Alleges specific violations of the ADA and ADAAG that exist at the subject property [DE#1, Paragraph 13]—which are self-explanatory in how they would limit or restrict Plaintiff's access to the subject property (i.e., violations at the entrance made Plaintiff's access into restaurant more difficult, violations at seating area and service counter made Plaintiff's access to the goods and services once in the restaurant limited, inconvenient, and uncomfortable unlike that of able-bodied guests, and the violations in the restroom made Plaintiff's limited or restricted Plaintiff's

     access to certain functions of the restroom which should be equally available to both disabled and able-bodied patrons),

  **f.** Alleges that Plaintiff will revisit the subject property [DE#1, Paragraphs 7 and 11],

  **g.** Alleges that the violations will not be remediated without Court intervention [DE#1, Paragraphs 5, 11, and 12]—as also evidenced by the Defendants' installation of a non-compliant entryway buzzer which at best, if at all, may be deemed sufficient to remediation only the first 2 of the 15 ADA and ADAAG violations listed in the Complaint at Paragraph 13.

**2.** Plaintiff has properly plead all elements necessary to bring his claim for injunctive relief under the ADA.

**3.** Defendants filed their Motion to Dismiss ("Defendants' Motion"), which in summary alleges that Plaintiff is a serial Plaintiff and engages in the filing of serial litigation/vexatious litigation, and that their non-compliant door buzzer should alleging protect them from actions brought for injunctive relief under the ADA. The cases cited to support Plaintiff as a "serial plaintiff" are not applicable to this action or this Plaintiff. Defendant first cites *Molski vs. Mandarin Touch Rest.*, 347 F. Supp. 2d 860, 864 (C.D. Cal. 2004)—wherein that plaintiff, Jarek Molski, has filed 408 complaints for ADA violations over the course of 9 years (Dec. 2000 to Dec. 2009), averaging 45 lawsuits a year whereas Plaintiff in the instant action has filed a total of 55 lawsuits over the course of 4.5 years.

**4.** Defendants Motion also seeks to assert that Defendants' placement of a non-compliant "Ring Bell for Assistance" buzzer under the handicap decal creates a prerequisite to filing an action for injunctive relief under the ADA—which it does not. Further, the "Ring Bell for Assistance" buzzer does not void Defendants' requirement to bring the entrance into compliance, much less the seating areas, service counter, and restroom (the additional violations which Defendants' Motion seems to ignore).

5.      Although Defendants allege and imply that Plaintiff is a "serial litigant" filing "serial lawsuits" as "vexatious litigation"—Plaintiff does not come close to qualifying as a serial litigant. This allegation and insinuation is made solely to distract from the actual legal issue in this action which are Defendants' violations of the ADA which exist at the subject property, a place of public accommodation, which Plaintiff visited, was denied or restricted access to, intends to visit again, and which are unlikely to be remediated or brought into compliance without a Court order requiring the same.

6.      Plaintiff has filed a total of 55 cases against Defendants (all within the Southern and Eastern Districts of New York where Plaintiff resides) since February 2018 for violations of the ADA (Case Type 446). Essentially over the course of 53 months, the Plaintiff has filed 55 lawsuits for places of public accommodation where his access was denied due to violations of the ADA—averaging about 1 lawsuit a month despite visiting multiple places each month, many of which he does not encounter barriers to access in violation of the ADA.

7.      Defendants' allegations of Plaintiff being a "serial plaintiff", even if it were true, would have no effect or bearing on the validity of the Plaintiff's claims in this action.

8.      Congress has encouraged "private attorneys general" to actively enforce the statutes provisions and it has been expressly recognized that such private attorney general provisions result in "frequent litigators". See *Hensley v. Eckerhart*, 461 U.S. 424, 445(1983) ("All of these civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain."); *Alliance For ADA Compliance, Inc. v. Har-Gon Enterprises, Inc.*, No. 99-11703, slip op. at 3 (11th Cir. 2000) ("The enforcement of civil rights statutes by plaintiffs as private attorneys general is an

important part of the underlying policy behind the [ADA]"); *Bruce v. City of Gainesville*, 177 F.3d 949, 952 (11th Cir. 1999); *Mallory v. Harkness*, 923 F.Supp 1546, 1551 (S.D. Fla. 1996) ("Congress intended Section 1988 to prompt plaintiffs to act as citizen enforcers or private attorneys general advancing our nation civil rights objectives and vindicating the liberty of all citizens."). "Civil rights law depends heavily on private enforcement. Moreover, the inclusion of penalties and damages is the driving force that facilitates voluntary compliance with the ADA." *Parr v. L & L Drive-Inn Property*, 96 F.Supp.2d 1065, 1082 (D. Hawaii 2000).

9. "As a result, most ADA suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled. For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring litigation advancing the time when public accommodations will be compliant with the ADA*.*" See *Molski v. Evergreen Dynasty Corp*., 500 F.3d 1047, 1062 (9th Cir. 2007); *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008).

10. See *Calcano v. Cole Haan, Inc.,* 19 Civ. 10440, 2021 WL 849434 (S.D.N.Y. Mar. 5, 2021): "Of course, [f[or the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." *Kittok v. Leslie's Poolmart, Inc*., 687 F. Supp. 2d 953, 958 (C.D. Cal. 2009) (quoting *Molski v. Evergreen Dynasty Corp.* 500 F.3d 1047, 1062 (9th Cir. 2007).

11. It is highly unlikely that Plaintiff would qualify as a "serial litigant" if such thing did exist. The Plaintiff in *Calcano v. Cole Haan, Inc.*, Marcos Calcano has filed 85 over the course of just 3 years (more than 28 cases a year). However even Mr. Calcano's prior filings would not have been considered had he properly plead standing (he met the criteria of

establishing himself as a disabled person, defendants' property as a place of public accommodation, but not his intent to return).

**12.** Thus, Defense Counsel is missing the central issue herein, which is not whether Plaintiff has filed other ADA lawsuits, but whether Defendants' facility is in compliance with the ADA—which it is not.

WHEREFORE, Plaintiff requests that the Defendants' Motion be denied and a date certain be set for Defendants' to file their answer to the Complaint [DE#1].

    Respectfully submitted

    BARDUCCI LAW FIRM, PLLC
    5 West 19th Street, 10th Floor
    New York, NY 10011
    (212) 433-2554

    By: s/ Maria-Costanza Barducci
        Maria-Costanza Barducci, Esq.
         *Attorney for Plaintiff*
        Bar No. 5070487
        MC@BarducciLaw.com