UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
JOSHUA ADAMS,                                   :
                            Plaintiff,   :        22-CV-1075 (VSB)
        -against-                              :
                                                       :          **ORDER**
                                                       :
46 N LLC and LITTLE GUILTY PLEASURES  :
LLC,                                           :
                                                       :
                                  Defendants.   :
--------------------------------------------------------------- X

VERNON S. BRODERICK, United States District Judge:

      On February 8, 2022, Plaintiff sued Defendants alleging that Plaintiff's "access to the [Defendant's] Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied" in violation of the Americans with Disabilities Act ("ADA"). (Doc. 1. ("Compl."))

      To establish constitutional standing, a plaintiff must adequately allege (1) a concrete, particularized, actual, or imminent injury-in-fact; (2) a causal connection between the injury and the conduct complained of such that the injury is "fairly traceable to the challenged action of the defendant;" and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision from the Court. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 576 (1992) (internal quotation marks omitted).

      I raise the question of standing *sua sponte* because it is a threshold matter of justiciability. If a plaintiff lacks standing to sue, a court must dismiss the plaintiff's claim for lack of subject-matter jurisdiction. *See Thompson v. Cnty. of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994); *Cent. States SE & SW Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005).

A plaintiff bringing an ADA claim has standing to sue for injunctive relief if "(1) the plaintiff allege[s] past injury under the ADA; (2) it [is] reasonable to infer that the discriminatory treatment [will] continue; and (3) it [is] reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [defendant's business] to plaintiff's home, that plaintiff intend[s] to return to the subject location," *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013). The plaintiff must plausibly allege "a real and immediate threat of future injury" for his or her complaint to meet the third prong. *Calcano v. Swarovski et al.*, 36 F.4th 68, 75 (2d Cir. 2022) (citation omitted). In *Calcano*, for example, "conclusory, boilerplate allegations" that a plaintiff was injured by the failure to accommodate visually impaired plaintiffs "fail[ed] to establish standing." *Id.* at 71.

Similarly, the allegations in Plaintiff's Complaint here likely fail to adequately allege standing, as they are at least as conclusory as the allegations in *Calcano*. Indeed, Plaintiff's complaint, and in particular the alleged injuries, are virtually identifies to injuries alleged in other complaints filed by the Plaintiff in this district. *Compare* Compel. ¶¶ 5, 8, 10–11, 16, *with Adams v. 122 East 7th Street Associates, LLC et al.*, 22-cv-1883 (JMF) (S.D.N.Y. Mar. 4, 2022), Doc. 1 ¶¶ 5, 8, 10–11, 16. They are also virtually identical to the complaint filed by Plaintiff's attorney on behalf of other Plaintiffs in this District. *See, e.g.*, *Lopez v. Zest Hospitality Inc.*, 22-cv-1076 (ALC)(SLC) (S.D.N.Y Feb. 8, 2022), Doc. 1 ¶¶ 5, 8, 10–11, 16; *Hashimi v. 25 Clinton Street Associates, LLC*, 22-cv-03054 (ALC) (S.D.N.Y. Apr. 13, 2022), Doc. 1 ¶¶ 5, 8, 10–11, 16. Accordingly, it is

ORDERED that, by January 5, Plaintiff move for leave to file an amended complaint that adequately alleges standing or show cause as to why the case should not be dismissed for lack of standing.

SO ORDERED.

Dated: December 16, 2022
      New York, New York

                                          Vernon S. Broderick
                                          United States District Judge