```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JOSHUA ADAMS,

               Plaintiff,

     -v-                                              No. 22-CV-1075-LTS

46 N LLC and
LITTLE GUILTY PLEASURES LLC,

               Defendants.

-------------------------------------------------------x
```

## MEMORANDUM ORDER

Plaintiff Joshua Adams ("Plaintiff" or "Mr. Adams") brings this action against 46 N LLC and Little Guilty Pleasures LLC ("Defendants"), alleging that a property owned by Defendant 46 N LLC and leased and operated by Defendant Little Guilty Pleasures LLC (together, "Defendants") is inaccessible to persons with disabilities, in violation of the Americans with Disabilities Act ("ADA"). (See docket entry no. 26 ("First Amended Complaint" or "FAC").) Before the Court is Defendants' motion to dismiss. (Docket entry no. 17 (the "Motion").) The Court has jurisdiction of the dispute pursuant to 28 U.S.C. sections 1331 and 1343.

The Court has reviewed carefully the submissions in connection with the instant motion. For the following reasons, Defendants' motion to dismiss is denied in its entirety.

BACKGROUND

The following facts, drawn from the First Amended Complaint, are taken as true for the purposes of the instant motion practice.  Plaintiff is a resident of Brooklyn, New York, who was born with spina bifida and hydrocephalus and must ambulate in a wheelchair.  (FAC ¶ 2.)  Defendant Little Guilty Pleasures LLC operates a business known as Crispy Heaven (the "Facility") on a piece of real property located at 38 Grand Street in New York, New York, which it leases from Defendant 46 N LLC.  (Id. ¶¶ 3-4.)  Plaintiff visited Crispy Heaven approximately eight times – twice in July 2021, three times in September 2021, and three times in December 2021.  (Id. ¶ 5.)  On each occasion that Plaintiff visited, he was unable to ambulate through the front entrance of Crispy Heaven due to "structural" or "architectural barriers" that prevented him from accessing the business using his wheelchair.  (Id. ¶¶ 5, 12, 14.)  Plaintiff alleges that he has been precluded from accessing Crispy Heaven and enjoying its goods and services due to various barriers including "existing steps at [the] interior side of [the] entrance door" that prevent him from entering and exiting the business in a wheelchair, the absence of "handrail extensions" at the entrance door, the use of a "raised" dining area without a ramp provided for wheelchair access, the height of the service counter, and several features of Crispy Heaven's restrooms which make them inaccessible to him.  (Id. ¶ 15.)

Plaintiff alleges that he intends to visit Crispy Heaven again in the "near future" to utilize the goods and services offered there but will be "unable to do so" due to the facility's "physical barriers to access, dangerous conditions and ADA violations." (FAC ¶ 13.)  Plaintiff lives "less than 2.9 miles" from Crispy Heaven, passes by the Facility "at least once per week," and dines in the neighborhood where Crispy Heaven is located "three to four times per month." (Id. ¶ 6.)  Some of the restaurants Plaintiff frequents are actually located on the same street as

Crispy Heaven, including "Ill Mulino Prime." (Id.) Plaintiff alleges that were it not for the barriers preventing his access to Crispy Heaven, he would dine at that restaurant as well. (Id.)

Plaintiff filed his original complaint on February 8, 2022, asserting that Defendants have violated the ADA by discriminating against him, and others with disabilities, by "denying access to, and full and equal enjoyment of the goods and services of the Facility, . . . and by failing to remove architectural barriers." (Docket entry no. 1 ¶ 14; see also FAC ¶ 14.) Defendant moved to dismiss the complaint on June 8, 2022, on the basis that Plaintiff failed to adequately allege standing under the ADA. (See, e.g., docket entry no. 18 ("Def. Mem.") at 11-12.) Plaintiff filed his opposition to the motion to dismiss on July 1, 2022. (Docket entry no. 20 ("Pl Opp").) Judge Broderick, to whom this case was previously assigned, entered an order on December 16, 2022, explaining that "the allegations in Plaintiff's Complaint . . . likely fail to adequately allege standing" to pursue injunctive relief under the ADA and directing Plaintiff to "move for leave to file an amended complaint that adequately alleges standing or show cause as to why the case should not be dismissed for lack of standing" by January 5, 2023. (Docket entry no. 23.)

In response, Plaintiff filed the First Amended Complaint on December 30, 2022, alleging additional facts in support of his standing to pursue his claim. (Docket entry no. 26.) Plaintiff asserts the same ADA claim as in his original complaint and seeks a permanent injunction "enjoining Defendants from continuing [their] discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, [and] closing the Facility until the barriers are removed and requisite alterations are completed." (Id.) The Court entered an order directing Defendants to notify the Court whether their pending

motion to dismiss should be denied as moot without prejudice to refiling in light of the amended pleading or, whether the Court should evaluate the pending motion in light of the allegations in the First Amended Complaint. (Docket entry no. 27.) Defendants responded requesting that the Court evaluate the pending motion in light of the amended pleading. (Docket entry no. 28.) The Court has done so, and for the following reasons, Defendants' motion to dismiss is denied in its entirety.

## DISCUSSION

Defendants move to dismiss the First Amended Complaint, arguing that Plaintiff has failed to adequately plead standing to pursue injunctive relief under the ADA, and that the Court therefore lacks subject matter jurisdiction over the dispute. (Def. Mem. at 11-12.)

Because "federal judicial power extends only to actual cases and controversies" pursuant to Article III, section two of the Constitution, standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." Ross v. Bank of Am., N.A. (USA), 524 F.3d 217, 222 (2d Cir. 2008) (internal quotation marks and citations omitted). "Article III standing requires plaintiffs to show (1) an 'injury in fact,' (2) a 'causal connection' between that injury and the conduct at issue, and (3) a likelihood 'that the injury will be redressed by a favorable decision.'" Maddox v. Bank of New York Mellon Tr. Co., N.A., 19 F.4th 58, 62 (2d Cir. Nov. 17, 2021) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)). A plaintiff seeking injunctive relief "may not rely solely on past injury, but also must establish that '[he] is likely to be harmed again in the future in a similar way.'" Calcano v.

Swarovski N. Am. Ltd., 36 F.4th 68, 74 (2d Cir. June 2, 2022) (quoting Nicosia v. Amazon.com, Inc., 834 F.3d 220, 239 (2d Cir. 2016)).

The Second Circuit has held that a plaintiff seeking injunctive relief pursuant to the ADA has suffered a cognizable injury in fact when: "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [the defendant's business] to plaintiff's home, that plaintiff intended to return to the subject location." Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187-88 (2d Cir. 2013).

In their motion to dismiss, which was filed before Plaintiff amended the complaint, Defendants argue that the complaint is defective because Plaintiff did not "articulate any injury suffered," as he failed to provide "the date, time, location, or even the issue which prevented him access to the . . . bakery Defendants operate[]." (Def. Mem. at 7.)[1]  Plaintiff's First Amended Complaint remedies the alleged deficiencies in the original pleading as to standing.  Plaintiff now alleges that he visited the Facility, located at 38 Grand Street, New York, New York, eight times on specific dates in July, September, and December 2021, was unable to ambulate through the entrance of the Facility in his wheelchair due to structural

---

[1] Although Defendants invoke Rule 12(b)(1), 12(b)(6), and 12(c) of the Federal Rules of Civil Procedure in support of their motion to dismiss (see Def. Mem. at 3-6), a motion to dismiss for lack of standing is properly pursued in accordance with Rule 12(b)(1) for dismissal based on lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(b)(1).  To the extent Defendants argue that the FAC does not satisfy Rule 8 of the Federal Rules of Civil Procedure because "Plaintiff does not allege what Defendant caused him injury" (Def. Mem. at 10), that argument is unavailing.  Plaintiff adequately alleges that Defendant 46 N LLC is the owner of property leased and operated by Defendant Little Guilty Pleasures LLC in furtherance of a business that is allegedly not accessible to disabled persons.  (FAC ¶¶ 3-4.)

barriers, and has therefore been unable to access the Facility and enjoy its goods and services. (FAC ¶ 5.) Plaintiff alleges that these structural barriers included "existing steps at [the] interior side of the [entrance] door" and the absence of "handrail extensions" at the entrance. (Id. ¶ 15.) This is sufficient to address the first factor of the standing analysis – past injury. See, e.g., Kreisler, 731 F.3d at 188 (finding plaintiff who ambulated in a wheelchair adequately established past injury where he alleged that he could not enter the subject premises due to a step seven or eight inches high at the front entrance); Gannon v. JBJ Holdings LLC, No. 22-CV-1674-LJL, 2022 WL 6698222, at *2 (S.D.N.Y. Oct. 11, 2022) (explaining that "Plaintiff need not [even] attempt to enter the premise" to establish injury in fact and "deterrence due to the discriminatory treatment alone is sufficient"); cf. id. (concluding plaintiff failed to adequately allege standing where he did not allege "what day (or even . . . what year) he encountered" the alleged violations at the premises, or "what specifically about the architectural barriers caused him to have difficulty gaining access").

Plaintiff has also pleaded sufficient allegations to establish that it is "reasonable to infer that the discriminatory treatment will continue" because Plaintiff visited the Facility on eight occasions, over a five-month span, and its barriers to his accessibility had not been redressed. See Tavarez v. Moo Organic Chocolates, LLC, No. 21-CV-9816-VEC, 2022 WL 17094631, at *4 (S.D.N.Y. Nov. 21, 2022) (finding allegations that Plaintiff "visited Defendant's website on three past occasions" to support showing of Article III standing); accord Camacho v. Vanderbilt Univ., No. 18-CV-10694-KPF, 2019 WL 6528974, at *10 (S.D.N.Y. Dec. 4, 2019). In the brief supporting their motion to dismiss, Defendants argue that Plaintiff's challenge is moot because the Facility has "installed a 'Ring Bell for Assistance' decal located on the side of [the] business . . . with an operational bell and a well-recognized handicap decal

to increase access to the small bakery." (Def. Mem. at 2, 12.)  Even if Defendants have undertaken such measures, however, a buzzer to ring for assistance does not necessarily alleviate the alleged discriminatory treatment.  To the contrary, Defendants have failed to explain how such an operational bell would address Plaintiff's alleged concerns, including those relating to the steps and the absence of handrails at the Defendant's entrance and also the issues inside of the Facility, including the height of its counter, the raised flooring in the dining area, and the barriers in the restrooms.

The allegations in the First Amended Complaint also suffice to establish the third and final factor of the standing analysis – that Plaintiff intends to return to the Facility in the future.  The third factor focuses on whether "'the risk of harm is sufficiently imminent and substantial' to establish standing." Swarovski, 36 F.4th at 74-75 (quoting TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2210 (2021)).  It is insufficient for a plaintiff to solely plead "the magic words" that he "intends to return[]" to the defendant's business; rather, the plaintiff must plead sufficient facts in order to "plausibly allege[] 'a real and immediate threat of future injury.'" Id. at 75 (internal quotation marks and citation omitted).  For example, in Kreisler, the Second Circuit determined that allegations that the plaintiff lived within "several blocks" of the defendant's business, passed the defendant's business "three to four times a week," and visited other similar businesses in the neighborhood were sufficient to plausibly allege an intent to return to the defendant's premises in the future.  731 F.3d at 186-88.  Although Plaintiff alleges that he lives approximately 2.9 miles from the Facility (FAC ¶ 6), which is a greater distance than the "several blocks" that separated the plaintiff in Kreisler from the business at issue, when his allegations are examined in their totality, Plaintiff has adequately alleged that he intends to return to Defendants' location in the near future.  See Calcano, 46 F.4th at 75 (explaining that

the inquiry as to whether a plaintiff "plausibly alleges a real and immediate threat of future injury" depends on an examination of "the totality of all relevant facts" (internal quotation marks and citation omitted)).  The distance of 2.9 miles is far enough to require some travel and effort by the Plaintiff to visit the Facility, see id. at 76 (noting that a "bare allegation of so-called 'proximity'" does not suffice "[s]tanding on its own" to establish an intent to return, given that depending on where the plaintiff lived "in the Bronx[,]" the address of the premises "could be up to an hour away" from plaintiff's residence), but Plaintiff alleges that he regularly visits the neighborhood in which the Facility is located.  Plaintiff "dines at restaurants" in the neighborhood "three to four times per month[,]" including some on the same street as the Facility, "passes by the . . . Facility at least once per week[,]" and "would dine at the Defendant's restaurant . . . were it not for the structural barriers inhibiting his ability to enter." (FAC ¶ 6.)  These allegations, similar to those deemed sufficient in Kreisler, are adequate to establish that Plaintiff is likely to return to the Facility soon and suffer imminent injury.  731 F.3d at 188 (allegations that plaintiff "frequents diners in [the] neighborhood often" and "would like to frequent the [Defendant] Diner if he were able to access it" supported conclusion that plaintiff adequately alleged an intent to return to the facility at issue).  Therefore, Plaintiff has adequately alleged standing to pursue his claim under the ADA.

In support of their motion to dismiss, Defendants also argue that the Court should impose an "appropriate remedy," including potential "sanctions," because Plaintiff and his counsel have initiated "frivolous" and "vexatious" litigation, including by filing numerous "boiler plate complaints" that have "caused unnecessary and undue expense" to Defendants. (Def. Mem. at 1-2, 8-9, 12-13.)  Although some courts have recognized that a plaintiff's tendency to file "Mad-Libs-style complaints" or "cut-and-paste . . . pleadings" can be a factor

that "confirms the implausibility of [a plaintiff's] claims of [concrete and particularized] injury" where the plaintiff otherwise fails to adequately allege standing, see, e.g., Calcano, 36 F.4th at 77, and Murphy v. Regal Cinemas, Inc., No. 19-CV-9930-ALC, 2022 WL 17821218, at *2 (S.D.N.Y. Dec. 20, 2022), Plaintiff here alleges sufficiently particularized facts about Defendants' Facility, its obstacles to access, and Plaintiff's interactions with the Facility to satisfy standing requirements. Affording undue weight to Plaintiff's past litigation tactics for pursuing ADA claims would run counter to the "remedial purpose" of the ADA to "eliminate discrimination against disabled individuals." Kreisler, 731 F.3d at 189.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is denied in its entirety. This Memorandum Order resolves docket entry no. 17. Defendants are hereby directed to file an answer to the First Amended Complaint by March 15, 2023. This case will be referred to a Magistrate Judge for general pretrial management, and to the Mediation Program.

SO ORDERED.

Dated: February 22, 2023
New York, New York

/s/ Laura Taylor Swain

LAURA TAYLOR SWAIN
Chief United States District Judge